NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2728
_____

UNITED STATES OF AMERICA

v.

RODREQUIS COUNCIL,
                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 4-18-cr-00219-001)
District Judge: Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 7, 2024

Before: HARDIMAN, SCIRICA, and SMITH, *Circuit Judges.*

(Filed:  May 9, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Rodrequis Council, a federal prisoner proceeding pro se, appeals the District Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and his motion to reconsider that ruling. We will affirm.

I.

In 2018, Council pleaded guilty to one count of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). Council and a coconspirator built devices designed to look like bombs and placed those devices at two locations in State College, Pennsylvania. They then called in two bomb threats. While police responded to those threats, Council's coconspirator entered a bank, placed another fake bomb on the counter, and gave the bank teller a note stating that the bomb would detonate if he did not receive money. The bank teller placed $7,177.65 in a bag, and the coconspirator left. Council provided the coconspirator with his truck to use during the robbery and paid for a motel for the coconspirator to use until he left the state. The District Court departed upward from the Sentencing Guidelines and sentenced Council to 108 months' imprisonment. The District Court found such a sentence was warranted primarily due to the nature of the crime, as well as Council's lengthy criminal history.

In 2020, Council filed the instant motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). In his motion, Council asserted that his kidney disease, high blood pressure, and hypertension—along with the COVID-19 pandemic—constituted extraordinary and compelling reasons warranting a sentence reduction. The District Court agreed, finding that "Council is at a high risk of serious illness or death from COVID-19"

2

and had shown extraordinary and compelling reasons for release. Dkt.[1] 58, at 6. The District Court nonetheless denied the motion because it found the factors set forth in 18 U.S.C. § 3553(a) rendered a sentence reduction inappropriate.

Council appealed. At Council's request, we vacated and remanded the District Court's decision so it could consider our intervening opinion in *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021). The District Court again denied Council's motion, stating that *Andrews* had no bearing on its prior decision and that its prior denial of Council's motion was based on the Section 3553(a) factors. Council filed a motion to reconsider, which the District Court denied.

Council once again appealed.

## II.[2]

Under Section 3582(c)(1)(A), a sentencing court may reduce a term of imprisonment if, after considering the factors set forth in Section 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "[A] grant of compassionate release is a purely discretionary decision." *Andrews*, 12 F.4th at 259. Accordingly, "we will not disturb the court's determination unless we are left with 'a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached.'" *Id.* (alteration in original) (quoting

---

[1] Dkt. citations refer to the docket before the District Court, *United States v. Rodrequis Council*, No. 18-CR-219 (MWB) (M.D. Pa.).

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's decision for abuse of discretion. *Andrews*, 12 F.4th at 259.

*United States v. Pawlowksi*, 967 F.3d 327, 330 (3d Cir. 2020)).

The District Court did not abuse its discretion. While it considered mitigating factors under Section 3553(a)—Council's education and upbringing—the District Court reasonably concluded that the seriousness of Council's underlying offense, his lengthy and serious criminal history,[3] and the need to protect the public from his further crimes weighed against granting a discretionary sentence reduction. We cannot say that this was so unreasonable as to constitute a clear error of judgment, and accordingly see no basis to disturb the District Court's decision.

III.

For the foregoing reasons, we will affirm.

---

[3] As the District Court noted, Council has been convicted of felony breaking and entering, use of a firearm during a crime of violence, and Hobbs Act Robbery.